UNITED STATES of America,
Plaintiff–Appellee,

v.

James Abbott JONES, Defendant–
Appellant.

No. 90–5332.

United States Court of Appeals,
Fourth Circuit.

Argued April 11, 1991.

Decided Sept. 17, 1991.

George Alan DuBois, Jr., Asst. Federal Public Defender, Raleigh, N.C., argued (William E. Martin, Federal Public Defender, on brief), for defendant-appellant.

Richard S. Glaser, Jr., Asst. U.S. Atty., Greensboro, N.C., argued (Robert H. Edmunds, Jr., U.S. Atty., on brief), for plaintiff-appellee.

Before BUTZNER and CHAPMAN, Senior Circuit Judges, and WILLIAMS, District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

BUTZNER, Senior Circuit Judge:

James Abbott Jones appeals his conviction and sentence for drug and firearm violations. We reverse his drug and associated firearm convictions, affirm his other firearm conviction, and remand for resentencing.

### I

Two Durham police officers searched Jones's house for Harvey Lee Justice, a fugitive. While looking for Justice, they saw in plain view evidence that the house was used for the distribution and sale of cocaine. After securing a warrant to search Jones and his house, the officers found the following items containing cocaine residue: several pipes, several small scales, needles, syringes, and a playing card used to divide cocaine. They also found plastic bags used to wrap small amounts of drugs, rubbing alcohol used to sterilize syringes for injection, and glass tubes used to smoke cocaine. Throughout the house, the officers found white powder, which tests revealed was cocaine.

In Jones's bedroom, the officers found a .30 caliber rifle and drug paraphernalia consisting of several dishes, razor blades, baking soda, a small scale, and cocaine residue. The officers searched Jones and found a .30 caliber bullet and a brown vial with cocaine residue in his pants pocket.

The government proved through the testimony of experienced officers that the drug paraphernalia was inconsistent with exclusively personal use of drugs. The paraphernalia was of the type used for cutting, preparing, and packaging drugs for distribution.

The indictment charged Jones in count 1 with possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C); in count 2 with carrying or use of a firearm during drug trafficking, 18 U.S.C. § 924(c)(1); and in count 3 with possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), 924(a)(1)(B). The jury convicted him on all counts.

### II

Jones assigns error to the district court's denial of his motions for judgment of acquittal. He contends that there was insufficient evidence to convict him of possession of cocaine with intent to distribute because only trace amounts of cocaine were found and the jury could not reasonably have found that he intended to distribute those trace amounts.

■ We must uphold a conviction if, taking the evidence and all reasonable inferences that can be drawn from the evidence in the light most favorable to the government, a reasonable jury could have found the defendant guilty. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The difficulty with the conviction on count 1 is the failure of the record to show either by circumstance or inference that Jones intended to distribute the traces of cocaine found in his house.

The statute provides: "[I]t shall be unlawful for any person knowingly or intentionally—(1) to ... possess with intent to ... distribute ... a controlled substance." 21 U.S.C. § 841(a)(1). To convict Jones, the jury had to find that he knowingly and intentionally possessed cocaine and that he had the specific intent to distribute the cocaine that he possessed. *See United States v. Latham*, 874 F.2d 852, 863 (1st Cir.1989).

The indictment charged that Jones possessed 1.8 grams of cocaine with intent to

distribute. But the evidence disclosed that this allegation was the result of a mistake. The report of another wholly unrelated drug seizure from a person wholly unrelated to Jones was inadvertently placed in Jones's file. A witness unaware of the error attributed the 1.8 grams to Jones when he testified before the grand jury. Thus, instead of 1.8 grams, the evidence disclosed only a residue of cocaine on the drug paraphernalia and elsewhere. The chemist who analyzed some of the residue did not weigh it, and none of the investigating officers weighed the remaining residue.

The court declined to admit speculative testimony about the weight of the cocaine residue. Without objection from the government, it properly instructed the jury that there were "traces of cocaine" at the house. There was no evidence, direct or circumstantial, nor could the jury draw a reasonable inference that Jones intended to distribute the traces of cocaine in the form of residue on drug paraphernalia and scattered elsewhere in the house. A revised presentence report stated that the amount of cocaine was later correctly found to be 2/500 of a gram. The government did not object to this finding.

In *United States v. Latham,* 874 F.2d at 861, the court explained that "[t]he crucial words of the statute are 'possess with intent to distribute a controlled substance.' The common sense meaning of the language is that possession and intent to distribute refer to the same controlled substance." We are persuaded that this construction of the statute is correct. The government has cited no authority to the contrary, and we have found none. Because of the absence of evidence, or a reasonable inference that can be drawn from the evidence, that Jones intended to distribute the traces of cocaine the police found, Jones's conviction on count 1 must be reversed.

The evidence showed that Jones possessed drug paraphernalia that had likely been used in the past to distribute cocaine and could be used in the future. But the statute does not proscribe possession of such paraphernalia. The Supreme Court recently reiterated: "[I]t is an assumption of our system of criminal justice 'so rooted in the traditions and conscience of our people as to be ranked as fundamental,' that no person may be punished criminally save upon proof of some specific illegal conduct." *Schad v. Arizona,* —— U.S. ——, ——, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991) (citations omitted). To convict Jones because he possessed the drug paraphernalia with its residue of cocaine would violate this precept.

### III

Jones assigns error to the district court's denial of his motions for a judgment of acquittal on the charge alleged in count 2, carrying or using a firearm in relation to drug trafficking.

The indictment charged that Jones used and carried the gun during or in relation to the possession of a controlled substance with intent to distribute. Evidence disclosed that the alleged drug trafficking was the crime charged in count 1. The district court, without objection, charged that in order to convict Jones of the crime alleged in count 2, they must find that he committed the crime charged in count 1. Because we have reversed Jones's conviction on count 1, we must reverse his conviction on count 2.

### IV

There is no merit to Jones's assignment of error to the district court's denial of his motion for a judgment of acquittal on count 3. A stipulation established both Jones's status as a felon, who is prohibited from possessing a gun, and the transportation of the gun in interstate commerce. Thus, the only element of the crime remaining for the jury's consideration was whether Jones knowingly possessed the gun. The district court properly explained to the jury actual and constructive possession and exclusive and joint possession.

Evidence that the police found the gun in Jones's bedroom and ammunition for the gun in his pocket provided ample evidence for the jury to find that he actually pos-

sessed the gun or that he constructively possessed it. Even if the jury found that other persons whom the police found in his house shared possession of the gun with Jones, the evidence would support the verdict. *See generally United States v. Wilson,* 657 F.2d 755, 760 (5th Cir.1981).

We remand for resentencing on count 3, because the court grouped this count with count 1 for the purpose of sentencing.

Count 1—REVERSED.

Count 2—REVERSED.

Count 3—AFFIRMED AND REMANDED FOR RESENTENCING.