953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Thomas LOWERY, Defendant-Appellant.
 No. 91-5834.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 5, 1991.
Decided Dec. 30, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-90-290-G)
 W. David Lloyd, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Thomas Lowery appeals his jury conviction for possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1981 & Supp.1991), and the district court's denial of his Motions for Judgment of Acquittal pursuant to Fed.R.Crim.P. 29. Lowery claims that since the jury found him not guilty of two other counts of distributing cocaine, the evidence was insufficient to convict on possession with intent to distribute. We disagree.
 
 
 2
 The jury heard testimony that the Defendant sold three "eight balls" totalling about 10.5 grams of cocaine on November 28, 1990, to Billy Ray Cashion, and sold three ounces of cocaine to Cashion on the following day. Both Cashion and Lowery were arrested by county and federal law enforcement agents after Cashion sold the above cocaine to an undercover employee of the Alamance County Sheriff's Department. When police arrested Lowery at his mobile home, they found 11.4 grams of cocaine in his pants pocket. Cashion testified against Lowery at trial.
 
 
 3
 The jury also heard the Defendant had a set of digital scales in the bedroom of his mobile home and one box of sandwich baggies and another box of Ziploc bags in the kitchen. The jury also could deduce from the testimony that the cocaine in the Defendant's pocket was more than the cocaine involved in the first buy on the previous evening.
 
 
 4
 The jury acquitted Lowery on the counts charging distribution to Cashion of the 10.5 grams and the three ounces of cocaine, but convicted him of possession with intent to distribute the 11.4 grams recovered from his pocket.
 
 
 5
 Appellate courts review for sufficiency of the evidence under a narrow standard. The test is whether any rational fact-finder, viewing the evidence in the light most favorable to the government, could have found the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). An appellate court does not weigh the evidence or decide anew the credibility of witnesses on a claim of insufficient evidence. United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983), cert. denied, 465 U.S. 1028 (1984). Even the uncorroborated testimony of a single witness is sufficient to sustain a guilty verdict. Id. at 705. Moreover, a jury's acquittal of a defendant on one count does not compel acquittal on related counts. Id.; see United States v. Powell, 469 U.S. 57, 68-69 (1984).
 
 
 6
 The essential elements for possession of cocaine with intent to distribute are: that the defendant actually or constructively possessed the drug; that the defendant had the specific intent to distribute that controlled substance; and that the defendant did so knowingly and intentionally. United States v. Latham, 874 F.2d 852, 863 (1st Cir.1989). This Court recently adopted the First Circuit's rule that possession and the intent to distribute refer to the same controlled substance and evidence consisting solely of drug paraphernalia is insufficient to support a conviction for possession with intent to distribute. United States v. Jones, 945 F.2d 747 (4th Cir.1991).
 
 
 7
 Here, unlike in Jones, the Defendant possessed a significant quantity of cocaine at the time of his arrest. The evidence of his recent distributions of cocaine and the discovery of scales and baggies for that purpose provided sufficient evidence for the jury to find that he intended to distribute that cocaine.
 
 
 8
 The evidence was sufficient to support Lowery's conviction. The district court did not err in denying his Rule 29 motions for acquittal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.