972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William F. BRECKENRIDGE, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
William F. Breckenridge, Defendant-Appellant.
 Nos. 91-5341, 91-5424.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 9, 1992
Decided: August 14, 1992
 
 Appeals from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge.
 David Leonard Heilberg, for Appellant.
 Jean Martel Barrett, Assistant United States Attorney, for Appellee.
 E. Montgomery Tucker, United States Attorney, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 William Breckenridge appeals from his conviction and sentence for possessing with intent to distribute less than five grams of crack cocaine. We find no error and affirm.
 
 
 2
 * On December 11, 1990, law enforcement personnel in Charlottesville, Virginia, received a tip from a reliable confidential informant[1] that a black male wearing red sweatpants, a black jacket, and a black hat was holding cocaine on his person at the intersection of Page Street and Hardy Drive in Charlottesville. Within minutes, narcotics officers dispatched to Hardy Drive and Page Street saw two persons walking in the middle of the street, one, Breckenridge, matching the description of the person identified by the confidential informant as carrying cocaine. The officers drove alongside Breckenridge and stopped to question him. After they identified themselves as police officers, Breckenridge started to run away. He stumbled and was tackled by one of the officers. Breckenridge shouted,"I ain't got no drugs, I ain't selling no cocaine," and the officers pulled Breckenridge to his feet. Precisely in the spot where Breckenridge had fallen when he was tackled was a small plastic package containing what was later chemically analyzed and determined to be .12 grams of crack cocaine.
 
 
 3
 Breckenridge was arrested and taken to the Charlottesville police station. After having been advised of his Miranda rights, Breckenridge executed a written statement that he had in fact sold drugs on the evening of December 11, 1990, specifically admitting that he had sold a rock of crack cocaine for $20. Later, Breckenridge gave an additional statement to a DEA officer in which he reiterated that he had sold crack cocaine on the evening of December 11, 1990; that what he had sold was a piece of a larger rock, of which the crack recovered at the scene of the arrest was also a part; that he was holding the crack for one John Allen; that Allen wanted $80 from him for the rock; and that if someone had approached him earlier, he would have sold the whole rock for $80.
 
 
 4
 Breckenridge was indicted for and convicted by a jury of possessing with intent to distribute less than five grams of crack cocaine. He was sentenced to 220 months in prison. This appeal followed.
 
 II
 
 5
 On appeal, Breckenridge contends first that his sentencing violated the enhanced penalty provision of 21 U.S.C. § 851(a), which provides that
 
 
 6
 [n]o person who stands convicted of an offense under [part D of the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 841 et seq.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.
 
 
 7
 According to Breckenridge, this provision was violated by the Government's failure to apprise him of the prior convictions on which it planned to rely in sentencing.
 
 
 8
 21 U.S.C. § 851(a) is a pre-Sentencing Guidelines provision that now applies only to cases in which the Government seeks to obtain increased statutory penalties provided in the Comprehensive Drug Abuse Prevention and Control Act based upon certain qualifying prior convictions. United States v. McDougherty, 920 F.2d 569, 574 (9th Cir. 1990). When prior convictions are used only to establish the criminal history category under the Guidelines, as was the case here with Breckenridge, the Government is not required to give notice of the prior convictions based on which the criminal history category will be set. United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir. 1991). Under such circumstances, the Government is not relying on the prior convictions for an increased statutory sentence; rather, the Guidelines mandate increased sentences for defendants with criminal histories.[2]
 
 
 9
 Breckenridge next argues that the district court erred in not suppressing the crack cocaine discovered when the narcotics officers who tackled him lifted him from the ground. Breckenridge concedes that the confidential informant's tip gave the police officers reasonable cause for a Terry investigative stop,[3] but not probable cause for the warrantless arrest and seizure of the contraband that ensued. We find, however, that Breckenridge's flight immediately after the narcotics officers identified themselves transformed their already reasonable suspicion regarding Breckenridge's participation in illegal drug activity into probable cause to arrest. United States v. Martinez-Gonzalez, 686 F.2d 93 (2d Cir. 1982); accord State v. Patterson, 465 N.W.2d 743 (Neb. 1991) (police officers had probable cause to believe that defendant was engaged in illegal drug activity, which justified arrest, when defendant fled as officers tried to perform an investigatory stop based on reasonable suspicion resulting from information obtained from a reliable confidential informant).
 
 
 10
 Breckenridge next claims that the district court erred in denying his Fed. R. Crim. P. 29 motion to set aside the jury's verdict on the ground that the Government's evidence against him was insufficient to sustain a conviction. In particular, Breckenridge challenges the evidence of his intent to distribute crack cocaine. Looking at the evidence in the light most favorable to the Government, as we are required to do when the sufficiency of evidence to sustain a conviction is challenged on appeal, United States v. Vogt, 910 F.2d 1184, 1193 (4th Cir. 1990), we find that while the amount of crack cocaine in Breckenridge's possession at the time of his arrest was small, the evidence nevertheless sufficed to allow the inference that he possessed it with the intent to distribute it. Breckenridge's own statement to the police was that the cocaine in his possession was part of a rock of crack cocaine he had obtained from John Allen. He had wanted to sell the entire rock of crack for $80, and would have, he stated, had he found a buyer. Instead, he sold a piece of the rock for $20. From Breckenridge's further statement that he did not smoke crack cocaine, moreover, the jury could have reasonably inferred that he intended the crack in his possession for distribution.
 
 
 11
 Breckenridge contends, however, that his statements to the police and DEA agents should have been suppressed because they were prejudicial and irrelevant. Citing United States v. Jones, 945 F.2d 747 (4th Cir. 1991), Breckenridge argues that the fact that he might have distributed crack cocaine in the past did not, in itself, prove intent to distribute the crack in his possession at the time of his arrest. This argument fails for two reasons. First, Breckenridge's statements regarding his selling crack cocaine earlier on the same evening that he was arrested, is not evidence of a past criminal act, but rather, is evidence of acts that are part of the same course of criminal activity-possession of crack cocaine with the intent to distribute on the evening of December 11, 1990-as the offense charged. Second, Breckenridge's reliance on Jones is misplaced. In Jones, the only evidence the Government had suggesting the defendant's possession of cocaine with intent to distribute, other than evidence of prior drug distribution activity, was traces of cocaine found on paraphernalia commonly used in the distribution of drugs. We held in Jones that "possession" and "intent to distribute" refer to the same controlled substance, and that it was not reasonable to conclude that the traces of cocaine found on drug distribution paraphernalia in Jones's possession were intended for distribution. Id. at 749. In the present case, no claim has been or could be made that the amount of crack cocaine found in Breckenridge's possession, while small-.12 grams (120 milligrams)-was too small to be reasonably found intended for distribution.
 
 
 12
 Breckenridge also argues that his statements to the police are irrelevant because nothing in them admits to his having possessed the crack cocaine that was found on the ground where he fell when the officers tackled him. We disagree. Breckenridge's statements are highly relevant because they establish that the rock of crack cocaine found at the scene of the arrest was part of a larger rock of which Breckenridge had sold a piece earlier that same evening.[4]
 
 
 13
 Finally, Breckenridge argues that the trial judge intruded on the defense counsel's closing argument to a degree amounting to the denial of a fair and impartial trial. Defense counsel attempted to bring up police misconduct in his closing argument when there was no evidence of such presented at trial. The court sustained the Government's objection and admonished defense counsel to limit his argument to the evidence before the jury and reasonable inferences from that evidence. Defense counsel made three other statements suggesting police misconduct, each objected to by the Government. The court sustained all of the objections. After the final objectionable statement, the court had defense counsel approach the bench and, out of the presence of the jury, rebuked him for his behavior.
 
 
 14
 We find nothing that was prejudicial to Breckenridge in the court's handling of what was clearly objectionable behavior on the part of defense counsel. Our review of the trial transcript indicates that the court sustained the Government's objections in an evenhanded manner, and significantly, that every interjection made by the court was in response to a Government objection. Defense counsel undoubtedly went too far, and the court admonished him, but not in presence of the jury. The conduct of the trial judge was beyond reproach and certainly not by any means so prejudicial to Breckenridge as to constitute the denial to him of a fair trial.
 
 III
 
 15
 We find no merit in any of the claims made by Breckenridge in this appeal. Accordingly, the judgment of conviction is affirmed.
 
 AFFIRMED
 
 
 [1]
 The Charlottesville police had worked with this informant for eighteen months and information he had provided over this period had resulted in felony drug convictions of four individuals
 
 
 [2]
 The fact that Breckenridge was assessed under the Guidelines at criminal history category VI accounts for the seemingly severe 220-month sentence imposed on him for possessing with intent to distribute .12 grams of crack cocaine
 
 
 [3]
 Terry v. Ohio, 392 U.S. 1 (1968)
 
 
 [4]
 We also note that Breckenridge did not challenge the admission at trial of his statements to the police, nor did he object to the testimony given by narcotics officers regarding these statements. In fact, the officers' interview notes concerning these statements were admitted into evidence by Breckenridge as defense exhibits