989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Argel Beatriz Gonzalez DE TAYLOR, a/k/a Beatrice Taylor,
Defendant-Appellant.
 No. 92-5158.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 15, 1993
Decided: March 12, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CR-91-274-R)
 Antonio Gioia, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Andrea L. Smith, Assistant United States Attorney, Brent J. Gurney, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Argel Beatriz Gonzalez De Taylor was convicted by a jury of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, 21 U.S.C.A. § 846 (1988), and possession with intent to distribute in excess of five kilograms of cocaine. 21 U.S.C.A. § 841(a)(1) (West 1981). The court sentenced De Taylor to 120 months of imprisonment on each count to run concurrently, five years of supervised release, and a special assessment of $50. De Taylor appealed her convictions, and we affirm.
 
 
 2
 Counsel for De Taylor filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserted that the evidence was insufficient to support De Taylor's convictions. The attorney wrote De Taylor and informed her of his opinion that the appeal was "wholly frivolous" and that she could file a supplemental brief herself. De Taylor filed such a brief in which she asserted as her lone claim that the evidence was insufficient to support her conspiracy conviction.
 
 
 3
 In evaluating the sufficiency of the evidence to support a conviction, the relevant inquiry is whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. Tresvant, 677 F.2d at 1021. This Court does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989).
 
 
 4
 In order to support a conviction for conspiracy, the government must show, first, that a conspiracy existed; then, that the defendant had knowledge of the conspiracy; and finally, that the defendant voluntarily became part of the conspiracy. United States v. Badolato, 701 F.2d 915, 920 (11th Cir. 1983). The totality of the circumstances shown by the government will often suffice to infer the agreement necessary for a conspiracy conviction. United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987).
 
 
 5
 To convict De Taylor of a violation of 21 U.S.C.s 841(a)(1), the jury had to find that she knowingly and intentionally possessed cocaine and that she had the specific intent to distribute the drugs she possessed. United States v. Jones, 945 F.2d 747, 748 (4th Cir. 1991). Constructive possession exists when the defendant exercises or has power to exercise dominion and control over the item. United States v. Zandi, 769 F.2d 229, 234 (4th Cir. 1985). Knowledge of the presence of the controlled substance is essential to an assertion of constructive possession. United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Possession need not be exclusive, but may be shared by others, and is susceptible of proof by circumstantial as well as direct evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980). Intent to distribute a controlled substance may be inferred by a jury from the quantity of drugs found in the defendant's possession. United States v. Roberts, 881 F.2d 95, 99 (4th Cir. 1989).
 
 
 6
 Construing the evidence adduced at De Taylor's trial in the light most favorable to the government, it was sufficient to support the jury verdicts. A co-conspirator testified that he and De Taylor made four or five trips between New York and Washington and that he informed De Taylor that the purpose of the trips was to deliver cocaine to Washington. He told De Taylor that there were drugs in the car and paid her for accompanying him. The jury could reasonably infer from this testimony that De Taylor knew drugs were in the car and that her efforts were in furtherance of the plan to deliver the seven kilograms of cocaine.
 
 
 7
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal.
 
 
 8
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that counsel inform his client, in writing, of her right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client. We therefore deny Appellant's counsel's motion to withdraw and Appellant's motion for appointment of a new attorney.
 
 
 9
 Because the record discloses no reversible error, we dispense with oral argument and affirm the convictions.
 
 AFFIRMED