7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Austin O. NWANZE, Defendant-Appellant.
 No. 92-5415.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 8, 1993.
Decided: September 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-92-4-R)
 Duane Gregory Carr, Bowen & Bowen, Richmond, Virginia, for Appellant.
 Richard Cullen, United States Attorney, John G. Douglass, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Austin O. Nwanze appeals his jury convictions for possession with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a) (1988), possession of a firearm by a felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(1)(B) (West Supp. 1992), and possession of a firearm during a drug-trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1992). Nwanze argues that the evidence was insufficient to support any of the jury verdicts, because the Government did not prove that he constructively possessed either the drugs or weapons, and that the district court erroneously admitted prejudicial evidence of his cash payments on a luxury car. Finding no error, we affirm Nwanze's convictions.
 
 
 2
 Shortly after midnight on December 10, 1991, Richmond, Virginia, police searched the one-story house Nwanze was leasing at 1815 West Moore Street and found quantities of crack cocaine packaged in plastic baggies, three pistols, other drug paraphernalia, and Nwanze clad only in his underwear and sitting on a bed. Officers also found Nwanze's girlfriend and Walter Thomas standing in the same bedroom as Nwanze, but they were dressed. The dwelling, which Nwanze began leasing three months before the search, was unique to the neighborhood because it had two backdoors. Police had to ram the first door before entering. When the police arrived, Nwanze told them his girlfriend and Thomas were simply visiting and that "What you find here is mine." Moments later, however, when an officer showed Nwanze a bag of cocaine Nwanze said, "I don't know anything about that" and requested his attorney.
 
 
 3
 Nwanze later testified during trial that he had been in business the previous eight years in Richmond, the District of Columbia, and Maryland, and that he employed more than 2000 people in three companies. The Government introduced records seized from a subsequent search at one of Nwanze's business offices in Richmond in an attempt to show that he was a drug dealer. The bank letter, cash receipts, and handwritten ledger showed that Nwanze had made approximately $24,500 in cash payments on a Mercedes-Benz in the two months prior to his arrest. The district court admitted the evidence and also denied Nwanze's motions for acquittal.
 
 
 4
 The jury returned guilty verdicts on all three counts. The district court sentenced Nwanze to 168 months on the cocaine possession charge, with five years of supervised release, and to two terms of 60 months each on the firearms offenses, with three years of supervised release.*
 
 
 5
 An appellate court will uphold a jury verdict, under challenge for insufficient evidence, if a rational jury could find the essential elements of the crime beyond a reasonable doubt, viewing the evidence in the light most favorable to the Government. Jackson v. Virginia, 443 U.S. 307, 319 (1979). An appellate court must consider both direct and circumstantial evidence and permit the Government the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).
 
 
 6
 A conviction for possession of a controlled substance with the intent to distribute requires the Government to prove that Nwanze (1) knowingly (2) possessed the crack cocaine (3) with the intent to distribute it. United States v. Rusher, 966 F.2d 868, 878 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S. 1992). The Government may prove either actual or constructive possession of the controlled substance. Id. Constructive possession is proved by showing the defendant "exercised, or had the power to exercise, dominion and control over the item." Id. Possession need not be exclusive but may be shared with others and proved by either direct or circumstantial evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980). The jury can infer an intent to distribute from the defendant's possession of drug-packaging paraphernalia or a quantity of drugs larger than needed for personal use. United States v. Fisher,912 F.2d 728, 730 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3769 (U.S. 1991).
 
 
 7
 The jury heard testimony that Nwanze alone leased the premises at 1815 West Moore Street, that the house had been fortified with an extra back door, and that police found information in a bedroom dresser, addressed to Nwanze at the West Moore Street address, about installing a security system. The jury could also infer Nwanze exercised dominion and control over the house because all the utility bills and other papers found in the dwelling, including a dog's rabies certificate, were addressed to Nwanze at that address and not to his girlfriend or to Thomas.
 
 
 8
 As a result of the search, police recovered 95 grams of crack cocaine, packaged for distribution in 193 separate small plastic baggies, beneath a reflector on the top of the kitchen stove. There were more baggies on the kitchen floor and, in open view, a bag with 29 grams of crack cocaine next to a 9 mm semi-automatic pistol. In the middle bedroom, besides the documents addressed to Nwanze, police also found an electronic scale, two stacks of food stamps valued at $147 and $98, a digital pager, a police scanner, razor blades, and, under the mattress, an unloaded 9 mm semi-automatic pistol. In the other bedroom, police found two clips of 9 mm ammunition on the floor, only a few feet from where Nwanze was seated, and also on the floor nearby $300 in cash, a .25-caliber pistol, and a black bag with $2000 in cash and the rabies certificate. Across the room under a rug police found a plastic bag with 22 grams of packaged crack. A Richmond detective testified that the quantity of crack, its method of packaging, and other evidence indicated the cocaine was intended for street distribution.
 
 
 9
 The jury had more than sufficient evidence from which to infer and find that Nwanze exercised dominion and control over the leased residence at 1815 West Moore Street and over the drugs and weapons police found there on December 10, 1991, and that he intended to distribute the crack cocaine recovered from the dwelling. See Fisher, 912 F.2d at 730-31; Laughman, 618 F.2d at 1076-78.
 
 
 10
 To prove that Nwanze was guilty of possessing a firearm while a convicted felon, the Government had to prove his status as a felon, the transportation of the firearm in interstate commerce, and the defendant's actual or constructive possession of the firearm. United States v. Jones, 945 F.2d 747, 749 (4th Cir. 1991). The Government and Nwanze stipulated to the first two elements.
 
 
 11
 Though the Government failed to show that Nwanze's fingerprints were on the guns, the Richmond police found other physical evidence linking Nwanze to the weapons. The three pistols were recovered in the West Moore Street residence that Nwanze had been leasing for three months. A loaded 9 mm pistol was found in plain view on the kitchen floor, a handgun was found beneath the mattress in one of the bedrooms, and the third pistol was found in the other bedroom very near where Nwanze's girlfriend was standing. Ammunition for the unloaded gun found beneath the mattress was found in the other bedroom. We hold that there was more than ample evidence for a rational jury to find that Nwanze constructively possessed one or more of these weapons, especially when it also found that he constructively possessed the baggies of crack cocaine also found in the residence.
 
 
 12
 Section 924(c) imposes a five-year sentence enhancement on those who use or carry a firearm during and in relation to a drug trafficking crime. Constructive possession of firearms in relation to a drug transaction is sufficient to establish "use" under the statute. United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991). The defendant is not required to brandish or display the firearm, but only have it "present for protection and to facilitate the likelihood of success, whether or not it is actually used." United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988). In Paz, this Court rejected the defendant's argument that he did not "use" the pistol because it was found beneath a mattress during a search of the bedroom. 927 F.2d at 178. The close proximity of the three pistols to the drugs, cash, and drug paraphernalia recovered at the West Moore Street residence was sufficient to lead any rational jury to conclude that Nwanze had the weapons present for protection and to facilitate success in drug dealing endeavors and that, under the totality of the circumstances, Nwanze constructively possessed one or more of these weapons.
 
 
 13
 Whether to admit evidence under Fed. R. Evid. 403 is left to the sound discretion of the trial court and is reversed on appeal only for a plain abuse of discretion, when "unfairly prejudicial" evidence has been admitted. United States v. Simpson, 910 F.2d 154, 157-58 (4th Cir. 1990). Because all relevant evidence is prejudicial, this Court's deferential review of Rule 403 admissions maximizes the probative value of the evidence and minimizes its prejudicial impact. Id.
 
 
 14
 Large-scale cash transactions are a feature of the drug distribution business. United States v. Martinez, 938 F.2d 1078, 1085-86 (10th Cir. 1991). Possession of large amounts of unexplained cash connected with narcotics trafficking is generally relevant and admissible. United States v. Newton, 891 F.2d 944, 948 (1st Cir. 1989). Nwanze's counsel objected at trial to the introduction into evidence of a bank letter, cash receipts, and a handwritten ledger matching those cash receipts which showed Nwanze's payment of $24,500 in cash on a Mercedes between October 18 and December 10, 1991. Nwanze objected that the evidence was not relevant, because it was not tied to the drugs seized from the West Moore Street residence, and was too prejudicial. The Government told the trial judge the evidence was relevant and probative to show Nwanze's knowledge of the drug distribution occurring at the West Moore Street residence.
 
 
 15
 On his lease application, Nwanze told the landlord his annual salary totalled $65,000 while the evidence of his payments on a luxury car showed that Nwanze paid nearly $25,000 in cash in the six-week period immediately preceding the raid on his Richmond residence. The temporal proximity of the payments on the Mercedes to the leasing of the West Moore Street house supports the admissibility of these records as probative evidence. The district judge did not abuse his discretion in admitting the cash receipts and the bank letter. See Newton, 891 F.2d at 948. The handwritten ledger Nwanze kept was properly admitted as non-hearsay and the admission of a party opponent, pursuant to Fed. R. Evid. 801(d)(2)(B), because the ledger can fairly be characterized as a statement which Nwanze adopted. See id., at 947. Nwanze testified under cross-examination that his secretary made the entries in the ledger, that he did make car payments in cash, but that he obtained that money from a personal loan. Nwanze's testimony buttresses the truth and accuracy of the records reflecting his car payments.
 
 
 16
 During the pendency of this appeal, Nwanze filed a motion for a stay with this Court, pursuant to Fed. R. App. P. 8, to remand the case for the district court's consideration of his motion for a new trial under Fed. R. Crim. P. 33. Nwanze filed these motions pro se, though he is represented by counsel on this appeal. Nwanze alleges the discovery of newly-discovered evidence, namely that a detective "planted" evidence in his residence after illegal searches of his business offices. However, his motion for a stay is not supported by affidavits or sworn statements, as required by Rule 8(a) when the facts relied on are subject to dispute. Fed. R. App. P. 8(a). Therefore, we deny Nwanze's motion for a stay and injunction and we decline to remand this case.
 
 
 17
 We affirm Nwanze's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Government points out in its brief that the sentence for violating 18 U.S.C.A. § 924(c) should run consecutively to the drug possession charge, as the district judge apparently said during the sentencing hearing. No sentencing issue is raised on appeal and the Government stated in its brief that it will file a motion to correct the judgment pursuant to Fed. R. Crim. P. 36