16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Lee STOTLER, Defendant-Appellant.
 No. 93-5054.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 16, 1993.
Decided: Jan. 13, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., District Judge. (CR-92-67)
 Robert R. Skinner, Charles Town, West Virginia, for Appellant.
 William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Lee Stotler was convicted and sentenced for providing false information on a firearm acquisition form in violation of 18 U.S.C.A. Sec. 922(a)(6) (West 1976 & Supp.1993) and two counts of possession of a firearm by a felon in violation of 18 U.S.C.A. Sec. 922(g)(1) (West 1976 & Supp.1993). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the sufficiency of the evidence of constructive possession and the admission of the details of a prior conviction but stating that, in his view, there are no meritorious issues for appeal. Stotler filed a pro se brief raising the issue of whether his Fourth Amendment rights were violated. He also complained that the question on the firearm form was ambiguous. After a thorough review of the parties' briefs and the record, we affirm.
 
 
 2
 * The first count of the indictment stems from Stotler's purchase of a firearm. To buy the gun, he was required to complete a federal firearms form. One of the questions on the form asked whether the purchaser had been convicted of a crime punishable by more than one year. Stotler answered in the negative, although he had been previously convicted of such a crime.
 
 
 3
 The first count of possession of a firearm by a felon arose when a sergeant in the Law Enforcement Division of the West Virginia Division of Natural Resources issued Stotler a citation for having a loaded gun in his vehicle. The sergeant stopped the car and saw a firearm in the front seat between Stotler and his girlfriend. Stotler explained that he and his girlfriend were riding around deer hunting. Stotler pled guilty and paid the state fine. He later testified, however, that the firearm belonged to his girlfriend.
 
 
 4
 Two months later, federal law enforcement officials executed a search warrant for Stotler's residence and truck. Five firearms were seized. Again Stotler testified that the weapons belonged to his girlfriend.
 
 
 5
 Stotler admitted his status as a convicted felon on direct examination.
 
 
 6
 Following a jury trial, Stotler was found guilty of all three counts and was sentenced to ninety-six months imprisonment. He appeals.
 
 II
 
 7
 Stotler's counsel asserts that the evidence was insufficient to support the finding of constructive possession of the firearms. Violation of 18 U.S.C. Sec. 922(g)(1) requires proof of the defendant's status as a felon, the transportation of the firearm in interstate commerce, and the defendant's actual or constructive possession of the firearm. United States v. Jones, 945 F.2d 747, 749 (4th Cir.1991).
 
 
 8
 Here counsel claimed that Stotler did not have constructive possession over the firearms. When Stotler was stopped by a state natural resources official, the firearm was found between Stotler and his girl friend on the front seat of Stotler's truck. The firearms later seized at Stotler's residence and truck, he claimed, belonged to his girlfriend.
 
 
 9
 Counsel relies on United States v. Blue, 957 F.2d 106, 108 (4th Cir.1992). This Court reversed a conviction for possession of a firearm, holding that the mere proximity of a passenger to a weapon shows accessibility and not necessarily dominion and control. Here, however, ample evidence supported the convictions.
 
 
 10
 With respect to the first count concerning the firearm found in Stotler's truck by the state natural resources official, Stotler pled guilty to the state firearm charge, never contesting his possession of the firearm. With respect to the second count, the guns were found in his truck and his home. He was alone at the time of the search. Stotler told officials that the guns were his.
 
 
 11
 While he testified that the firearms belonged to his girlfriend, she did not testify to confirm this fact. The fact that the guns may have been owned by his girlfriend is irrelevant. See United States v. Stanley, 597 F.2d 866 (4th Cir.1979) (another's ownership is not inconsistent with felon's possession). Stotler's challenge to the sufficiency of the evidence of constructive possession has no merit.
 
 
 12
 Counsel's second argument concerns the allegedly improper cross-examination of Stotler with respect to his prior robbery conviction. Acknowledging that the fact of the conviction itself was necessary as an element of the offense, counsel complains that the nature of the offense and details concerning it were prejudicial under Fed.R.Evid. 404(b).
 
 
 13
 Admission of the nature and details of Stotler's prior robbery conviction was harmless error. The evidence revealed that Stotler used a knife and hit someone with a flashlight during a robbery. It is highly probable that admission of this evidence did not effect the judgment. United States v. Nyman, 649 F.2d 208, 212 (4th Cir.1980).
 
 
 14
 In his pro se brief, Stotler asserts that his original stop by the state natural resources officer violated his Fourth Amendment rights. While the stop was a reasonable investigatory stop, the issue has been waived by Stotler's failure to complain earlier. Fed.R.Crim.P. 12(f).
 
 
 15
 Finally, Stotler's claim that he did not knowingly falsify the federal firearms form is meritless. Stotler claimed that he thought a "yes" answer was required to the question concerning prior convictions only if those convictions were from a West Virginia court. A "knowing" violation of Sec. 922(g)(1) does not require knowledge of the law. United States v. Sherbondy, 865 F.2d 996, 1002 (9th Cir.1988).
 
 
 16
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED