28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Lewis CRAVEN, Defendant-Appellant.
 No. 92-5303.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided July 19, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Richard C. Erwin, Senior District Judge. (CR-91-32-S, CR-91-49-S)
 Susan Hayes, Pfaff, Elmore & Hayes, Greensboro, NC, for Appellant.
 Walter C. Holton, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After his conviction for money laundering, 18 U.S.C.A. Sec. 1956(a)(1)(A)(i) (West Supp.1994), and possession of a firearm by a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994), Kenneth Lewis Craven appeals, arguing that during his trial on the firearm charge,* the district court erroneously admitted evidence from an unknown informant, evidence that a police officer observed a rifle in Craven's possession six weeks prior to the instant offense, and evidence that ammunition matching the pistol underlying the firearm conviction was discovered during a search of Craven's residence. Finding no error, we affirm.
 
 
 2
 Initially, we note that Craven failed to move for suppression of the pistol, the rifle, or the ammunition. See Fed.R.Crim.P.12(b)(3), (c). Failure to timely move to suppress evidence constitutes waiver of the objection. Fed.R.Crim.P.12(f); United States v. Wilson, 895 F.2d 168, 172-73 (4th Cir.1990). We proceed to address Craven's challenges to the relevancy of the evidence and to determine whether there was plain error.
 
 
 3
 During his testimony, an officer was asked what initially attracted his attention to Craven's vehicle. The officer stated, "I'd had a call ... that Mr. Craven--." After defense counsel objected, the court asked, "By reason of your call, what did you do?" The officer responded that he "was on the lookout for the vehicle ... [f]or being in possession of a weapon."
 
 
 4
 Craven contends that evidence of the pistol should not have been admitted because the prosecution failed to prove the informant's reliability. However, the officer did not testify as to the substance of the informant's tip. Also, to the extent that the substance of the tip was conveyed to the jury, there was no plain abuse of discretion. See United States v. Heyward, 729 F.2d 297, 301 n. 2 (4th Cir.1984), cert. denied, 469 U.S. 1105 (1985); see also United States v. Love, 767 F.2d 1052, 1063 (4th Cir.1985) (not hearsay), cert. denied, 474 U.S. 1081 (1986). Admission of this evidence was not erroneous and there was no plain error.
 
 
 5
 Craven also contends that the court should have excluded the testimony concerning the rifle because it was unduly prejudicial and admitted merely to show criminal propensity. See Fed.R.Evid. 403, 404(b). Craven submitted evidence that the pistol belonged to his brother, who left it in the car, which belonged to another brother. The evidence of Craven's prior possession of the rifle in the same vehicle was relevant to show his control of the vehicle and knowledge of its contents. See United States v. Blue, 957 F.2d 106, 107 (4th Cir.1992). Because knowledge of the presence of the firearm is necessary to prove constructive possession, this evidence was relevant and necessary. See United States v. Hernandez, 780 F.2d 113, 116 (D.C.Cir.1986); United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). Further, the testimony of the officer regarding his observation of the rifle is reliable. We find no abuse of discretion in the admission of the evidence of Craven's prior possession of a rifle in the vehicle. See United States v. Mark, 943 F.2d 444, 447 (4th Cir.1991).
 
 
 6
 Craven also challenges the admission of testimony concerning ammunition found during a search of Craven's house two months after his possession of the firearm underlying this appeal. The ammunition matched the pistol found in the vehicle Craven was driving. Because Craven argued that the pistol was his brother's, his possession of the ammunition was relevant to show his knowledge and possession of the pistol. See United States v. Jones, 945 F.2d 747, 749-50 (4th Cir.1991) (possession of matching ammunition is factor in proving constructive possession of firearm). We find that admission of this evidence did not constitute an arbitrary or irrational exercise of discretion. United States v. Haney, 914 F.2d 602, 607 (4th Cir.1990); see Mark, 943 F.2d at 447.
 
 
 7
 Finding no error in the admission of the challenged evidence, we affirm Craven's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Craven pled guilty to one count of money laundering