60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Alfred S. TINSLEY, Defendant-Appellant.
 No. 94-5451.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1995
Decided: July 7, 1995
 
 Marc James Small, Roanoke, Va, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., S. Randall Ramseyer, Asst. U.S. Atty., Abingdon, VA, for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Alfred S. Tinsley, appeals his convictions and sentences by jury for violations of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994), using or carrying a firearm in relation to a drug trafficking crime and 21 U.S.C. Sec. 841(a)(1) (1988) and 21 U.S.C.A. Sec. 841(b)(1)(D) (West Supp.1994), possessing marijuana with the intent to distribute. Because we find the evidence sufficient to support his convictions and sentences, we affirm.
 
 
 2
 Testimony at trial disclosed that as an undercover detective drove through an area of "open drug dealing," Tinsley yelled to the detective and inquired as to what he wanted. The detective responded that he was looking for a "twenty," meaning a $20 piece of crack cocaine. Tinsley handed the detective one rock, .16 grams of cocaine, in exchange for a $20 bill. Less than a minute later, two other officers drove up to Tinsley, exited their vehicles and patted Tinsley down. The officers removed two bags of marijuana from Tinsley's back pocket and a loaded .22 caliber pistol from his left coat pocket. The bags of marijuana, containing 1.7 grams of plant material, were in packages that could be resold. During his arrest Tinsley stated to the officers that, "I should have ran." One of the officers replied, "[y]ou wouldn't have gotten away," to which Tinsley responded that "at least I would have had time to get rid of the gun."
 
 
 3
 Tinsley raises two issues on appeal. First, he asserts that his conviction of using or carrying a firearm in relation to a drug trafficking offense violates the plain language of the statute and congressional intent. He continues that since his conviction of this offense was improper, the court improperly imposed a mandatory minimum sentence of twenty years for that offense. Second, he asserts there was insufficient evidence to support his conviction of possession with intent to distribute marijuana.
 
 
 4
 With regard to the first issue, Tinsley asserts that the evidence failed to establish that his possession of the gun was "during and in relation to any crime of ... drug trafficking" as required by the stat ute.* 18 U.S.C. Sec. 924(c)(1). Tinsley argues that the evidence merely showed that he possessed a firearm subsequent to a drug transaction.
 
 
 5
 In reviewing a sufficiency challenge, this Court must affirm the trial court if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the government, a rational jury could have found the defendant guilty beyond a reasonable doubt. United States v. Jones, 945 F.2d 747, 748 (4th Cir.1991). To prove a violation of Sec. 924(c)(1) the government must show (1) that the defendant possessed the firearm and (2) that it was possessed during or in relation to a drug trafficking crime. United States v. Horne, 4 F.3d 579, 587 (8th Cir.1993), cert. denied, 62 U.S.L.W. 3553 (U.S.1994). To sustain a conviction under this section, "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." United States v. Smith, 914 F.2d 565, 567 (4th Cir.1990), cert. denied, 498 U.S. 1101 (1991) (quoting United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988)). This Court has recognized "that drug dealing is a dangerous and often violent enterprise[that] ... supports an inference that [a criminal defendant] ... carried the weapon to facilitate his 'business.' " Id.
 
 
 6
 The facts belie Tinsley's "temporal" argument that he did not possess a firearm at the time of sale. First, as noted above, Tinsley stated that if he had attempted to run he may have been able to "get rid of his gun." The jury could legitimately infer from such statement that Tinsley possessed the gun during his drug sale to the detective. Sec ond, the period of time in which Tinsley was not observed by police was less than a minute. Therefore, if we assume that Tinsley did not possess the gun during his drug deal with the detective, it is clear that the weapon was nearby and quickly accessible, which this Court has held is sufficient to show "use" under the statute. See United States v. Paz, 927 F.2d 176, 178-79 (4th Cir.1991) (evidence that gun under a mattress was present and accessible and that its presence would help facilitate success of the criminal undertaking was sufficient to support conviction under Sec. 924(c)(1)).
 
 
 7
 The evidence at trial disclosed that Tinsley sold crack cocaine to an undercover officer; less than a minute after the sale, the arresting officers came into visual contact with Tinsley and a pat-down produced a .22 caliber loaded pistol from his coat pocket; and that Tinsley stated to the arresting officers that "[if I had tried to escape] at least I would have had time to get rid of the gun." Such evidence tends to establish that Tinsley possessed or had constructive possession of the pistol during the crack sale, see Paz, 927 F.2d at 179, and indicates that there was a relationship between the gun and Tinsley's drug activities. Accordingly, we find that when viewed in the light most favorable to the prosecution, the evidence supports Tinsley's conviction under 18 U.S.C. Sec. 924(c)(1). See United States v. Hines, 39 F.3d 74, 76-77 (4th Cir.1994); Brockington, 849 F.2d at 876.
 
 
 8
 With regard to the second issue, Tinsley asserts the evidence at trial was insufficient for the jury to conclude he possessed marijuana with the intent to distribute.
 
 
 9
 Tinsley's sole argument appears to be that 1.7 grams of marijuana found on his person is insufficient to show intent to distribute. Tinsley's argument is unpersuasive because the record reveals sufficient evidence to meet the necessary elements of possession with intent to distribute: (1) proof of possession of the controlled substance both knowingly and intentionally and (2) with the intent to distribute. 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A); United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S.1994).
 
 
 10
 The record reveals that the marijuana was packaged in two baggies worth $10 each "on the street." In addition, the record discloses that Tinsley was present in an area known for open drug sales, yelled without solicitation to an undercover police officer, waved him down, and asked the officer what he wanted. After the officer indicated he was looking for "a 20," Tinsley sold the officer a $20 rock of crack cocaine. Search of Tinsley's person pursuant to arrest revealed a loaded .22 pistol in addition to the baggies of marijuana. Based upon the totality of the circumstances and construing this evidence in the light most favorable to the Government, we find that a rational jury could have found Tinsley guilty beyond a reasonable doubt of the necessary elements of the crime. See Jones, 945 F.2d at 748.
 
 
 11
 Tinsley's convictions and sentences are, accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 AFFIRMED
 
 
 *
 18 U.S.C. Sec. 924(c)(1) in relevant part reads:
 (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years....