61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yussef Lateef GILKEY, Defendant-Appellant.
 No. 94-5682.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 22, 1995.
Decided: July 12, 1995.
 
 William E. Martin, Federal Public Defender, John Stuart Bruce, Deputy Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Yussef Lateef Gilkey, appeals his conviction and sentence for possession with intent to distribute cocaine base, "crack," in violation of 21 U.S.C. Sec. 841(a)(1) (1988) and 21 U.S.C.A. Sec. 841(b)(1)(A) (West Supp.1995). Because we find the evidence sufficient to support the conviction and find no error by the district court, we affirm.
 
 
 2
 Testimony at trial disclosed that Gilkey flew from New York to Greensboro, North Carolina and that a bag and box labelled with Gilkey's name and transported as check-in luggage, contained approximately 120 grams of crack cocaine and a scale. The following day, Gilkey identified the luggage as his and attempted to retrieve the bag and box from undercover agents posing as airline baggage attendants.
 
 
 3
 Gilkey raises two issues on appeal. First, that the evidence at trial was insufficient to maintain his conviction. Second, that the trial court committed reversible error by advising the jury that it would need to travel to another city if it had not reached a decision prior to a time certain.
 
 
 4
 With regard to the first issue, this court must affirm the trial court if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the government, a rational jury could have found the defendant guilty beyond a reasonable doubt. United States v. Jones, 945 F.2d 747, 748 (4th Cir.1991). To prove a violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A) the government must show (1) proof of possession of the controlled substance both knowingly and intentionally and (2) the intent to distribute. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S.1994).
 
 
 5
 The record reveals that the packages labelled with Gilkey's name and claimed by him contained approximately $12,000 worth of crack (600 single use units) and a scale. Gilkey testified that he had flown to New York to buy clothes and jewelry but offered no explanation as to how the drugs appeared in his packages. Accordingly, we find that when viewed in the light most favorable to the prosecution, the evidence supports Gilkey's conviction. See Nelson, 6 F.3d at 1053.
 
 
 6
 With regard to the second issue, the record reveals that the trial was conducted in Winston-Salem, North Carolina, and that the presiding judge notified jurors that if they had not finished their deliberations by noon of the second day of trial they would need to follow him to a courthouse in Greensboro, North Carolina. The jury began deliberating at approximately eleven in the morning of the second day of trial. Approximately one hour later the judge called the jury in to see if it wished to break for lunch and continue its deliberations in Greensboro. The jury asked for an additional fifteen minutes to deliberate, and at 12:30, returned a verdict. Gilkey made no objections to the court's action.
 
 
 7
 Gilkey asserts that the trial judge's conduct was coercive and reversible error. We disagree. Although it may be reversible error to place a jury under explicit time constraints within which to return a verdict, see United States v. Lansdown, 460 F.2d 164, 169 and n. 3 (4th Cir.1972), we find no error in notifying the jury that if its deliberations extend beyond a time certain it need merely drive to another courthouse approximately thirty miles away.
 
 
 8
 Gilkey's conviction and sentence are, accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 AFFIRMED