UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4432

ERIC LEE FELDER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-96-748)

Submitted: October 6, 1998

Decided: May 14, 1999

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Betts, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Scarlett Wilson, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eric Lee Felder appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C.§ 922(g) (1994). We affirm.

In March 1996, Detectives Rene Williams and Jerry Brown of the Orangeburg County Sheriff's Department were on patrol when they saw Felder standing in front of a local store. The detectives stopped to talk to Felder but Felder ran into the store. On his way past the cashier, Felder yelled, "They got me. They got me," and then crouched down beside a video game machine. The detectives observed Felder extend his left arm behind the machine. Upon searching the area behind the machine where Felder had placed his arm, they found a loaded weapon under the machine. A search of Felder and the store revealed no other contraband. The weapon was determined to have been stolen one year prior and no fingerprints were found on the gun.

On appeal, Felder asserts that the evidence was insufficient to support his conviction. Evidence is sufficient to support a conviction so long as, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942). The essential elements of this crime are proof of the defendant's status as a felon who is prohibited from possessing the firearm, the transportation of the firearm in interstate commerce, and the defendant's actual or constructive possession of the firearm. See United States v. Jones, 945 F.2d 747, 749 (4th Cir. 1991). Felder asserts that no one saw him in actual physical possession of the gun and that any evidence of possession was circumstantial. Further, he introduced evidence at trial that there was not enough clearance between the video machine and the floor for the gun to fit in that space. However, Felder's investigator measured the space a year after his arrest, and the difference in width between the gun and the space under the video machine was only one-quarter inch.

Looking at the evidence in the light most favorable to the Government, we find that the evidence was sufficient to sustain Felder's con-

2

viction. Felder ran from the detectives shouting that they had him and was found with his arm behind the video game machine just above the place where the gun was found. There was no reason offered at trial why Felder would have his arm behind the machine or why Felder would think that the detectives had "got him." Moreover, despite Felder's evidence concerning the amount of space under the video machine, the jurors could reasonably credit Agent Williams' testimony that he retrieved the gun from under the machine.

We therefore affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3