8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jesse Cornell WINDBUSH, Defendant-Appellant.
 No. 93-5292.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-92-157)
 Mary G. Commander, Goldblatt, Lipkin & Cohen, P.C., Norfolk, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, George M. Kelley, III, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jesse Cornell Windbush was convicted and sentenced for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1993). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the sufficiency of the evidence but stating that, in her view, there are no meritorious issues for appeal. Windbush filed a pro se brief raising the issue of the credibility of the police officers who testified at his trial. After a thorough review of the parties' briefs and the record, we affirm.
 
 
 2
 At Windbush's trial, detectives described the search of Jennifer Bailey's house, discovery of the firearm, and their discussions with Windbush. Bailey was Windbush's girlfriend, and he was at her home at the time of the search. After advising him of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), the detectives questioned Windbush concerning possession of the firearm. Three detectives stated that Windbush told them that the firearm was his and that he had purchased it for Bailey's protection. Windbush and Bailey testified that the firearm belonged to Bailey. The parties stipulated to the fact that Windbush was a convicted felon. An agent from the Bureau of Alcohol, Tobacco, and Firearms testified that the shotgun was made in Connecticut and had traveled in interstate commerce.
 
 
 3
 The district court found Windbush guilty and later sentenced him to ninety-five months imprisonment. Windbush appeals.
 
 
 4
 Windbush's counsel has filed an Anders* brief in which she claimed that the evidence was insufficient to support the conviction. A district court's finding of guilt upon trial without a jury, will be affirmed, unless it is not supported by substantial evidence. United States v. Bales, 813 F.2d 1289 (4th Cir. 1987); Jelaza v. United States, 179 F.2d 202 (4th Cir. 1950).
 
 
 5
 Violation of 18 U.S.C. § 922(g)(1) requires proof of the defendant's status as a felon, the transportation of the firearm in interstate commerce, and the defendant's actual or constructive possession of the firearm. United States v. Jones, 945 F.2d 747, 749 (4th Cir. 1991). Here the fact of Windbush's prior felony conviction was stipulated. The agent's testimony that the firearm had traveled in interstate commerce was unopposed. Three detectives stated that Windbush told them that the gun belonged to him. The argument has no merit.
 
 
 6
 Windbush asserts that the officers were biased against him. Credibility determinations, such as the one made here by the district court, are not subject to review. United States v. Saunders, 886 F.2d 56 (4th Cir. 1989); Pigford v. United States, 518 F.2d 831 (4th Cir. 1975).
 
 
 7
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A (West Supp. 1993), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Anders v. California, 386 U.S. 738 (1967)